UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE MOORE, | : | Case No. 1:18-cv-261 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| JASON SCOTT, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANT HAMILTON COUNTY
MEDICAL HEALTH AND RECOVERY SERVICES BOARD'S
MOTION TO DISMISS**

This civil action is before the Court upon Defendant Hamilton County Mental Health and Recovery Services Board (the "Board")'s motion to dismiss (Doc. 8),[1] and the parties' responsive memoranda. (Docs. 9, 11).

## I. BACKGROUND

Plaintiff Christine Moore alleges that, after calling the City of Cincinnati Police Department to report vandalism of her vehicle, she was questioned about unrelated health issues and was subsequently taken to the hospital involuntarily. (Doc. 1 at ¶¶ 30, 37). Moore claims she was kept involuntarily at the hospital for approximately five hours undergoing health and medical assessments. (*Id.* at ¶ 44).

---

[1] The Court notes that the motion to dismiss filed by the Board (Doc. 8) is actually a motion for judgment on the pleadings pursuant to Rule 12(c) because it was filed after the filing of an answer (Doc. 7). The standard of review, however, is the same. *Lindsay v. Yates,* 498 F.3d 434, 437 n5 (6th Cir. 2007).

1

Plaintiff alleges that the Board, in conjunction with the City of Cincinnati/City of Cincinnati Police Department, developed a task force of mobile crisis units to respond to mental health emergencies involving the police. (*Id.* at ¶ 68). Plaintiff states that Defendant John Doe Chris ("Defendant Chris") was a social worker who was sent to question her at her apartment. (*Id.* at ¶¶ 9, 21, 24). Plaintiff claims that Defendant Chris was assigned to the mobile crisis unit by the Board and was an employee of the Board. (*Id.* at ¶¶ 9, 11, 80).

Plaintiff alleges that her right to bear arms and freedom from unreasonable search and seizure of her person were violated and that the Board is liable for those violations due to its policies/customs. (*Id.* at ¶ 47). Plaintiff contends it was the policy and/or custom of the Board to fail to exercise reasonable care in hiring the mobile crisis unit workers, including Defendant Chris. (*Id.* at ¶ 71). Plaintiff contends it was the policy and/or custom of the Board to inadequately supervise and train its mobile crisis unit workers, including Defendant Chris. (*Id.* at ¶ 73). Plaintiff also alleges that the Board has *respondeat superior* liability for the intimidation, slander, battery, and false imprisonment committed by Defendant Chris. (*Id.* at 78).

The Board moves to dismiss all claims against it.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)

requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

Plaintiff alleges that the Board is given authority to plan, fund, manage, and evaluate behavioral health care in Hamilton County under Ohio Revised Code § 340. (Doc. 1 at ¶ 11). The Board argues that the Ohio legislature did not create a private right of action under O.R.C. § 340. Instead, pursuant to Ohio Administrative Code 5122:2-1-02, there are procedures that allow an individual to file grievances with the community health board, any contract agency, the Ohio Department of Mental Health, Ohio Legal Rights Service, and the United States Department of Health and Human services. Therefore, individuals are provided with administrative remedies, not civil penalties. (Doc. 8 at 6). Plaintiff does not dispute that there is no private right of action under O.R.C. § 340.

Ohio courts have found that individuals are not provided civil remedies under O.R.C. § 340 and it "would be inconsistent with underlying purposes of the legislative scheme to imply such a remedy" for an individual. *Doe v. Adkins*, 110 Ohio App. 3d 427, 435–46 (1996) (affirming the trial court's granting of summary judgment due to a lack of a private remedy under O.R.C. § 340). Accordingly, because there is no private right of action under O.R.C. § 340, dismissal of Plaintiff's claims against the Board is appropriate on that ground alone.

Alternatively, even if a private remedy against the Board were provided under O.R.C. § 340, dismissal of Plaintiff's claims against the Board is appropriate. Defendant

argues that Plaintiff's complaint fails because it is factually insufficient and no *respondeat superior* liability exists. The Court agrees.

Here, Plaintiff seeks to hold the Board liable because she alleges that Defendant Chris is an employee of the Board. However, as is clear from the complaint, Plaintiff does not know the identity of Defendant Chris, so her allegation that he is an employee of the Board is an unsupported legal conclusion. The complaint provides no factual allegations that support Moore's conclusion that Defendant Chris was a Board employee. The Court finds that the complaint fails to provide factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Moreover, under R.C. § 340.036, the Board is only authorized to "enter into contracts" with service providers. The Board is not authorized to have employees. Therefore, at most Defendant Chris was an independent contractor. "Generally, an employer is vicariously liable for the torts of an employee or agent but not for the torts of an independent contractor." *Bemmes v. Pub. Emp. Ret. Bd.*, 102 Ohio App. 3d 782, 791, 658 N.E.2d 31, 37 (1995) (citing *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438, 628 N.E.2d 46, 48–49 (1994)). In Ohio, to determine if a relationship is that of an employee/agent or independent contractor, courts follow the following test: "Did the employer retain control of, or the right to control, the mode and manner of doing the work contracted for? If he did, the relationship is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the relationship is that of employer and independent

5

contractor." *Councell v. Douglas*, 163 Ohio St. 292, 292 (1955). Here, the complaint does not contain any facts, beyond recitation of the elements of her causes of action, that demonstrate that the Board retained control of, or the right to control, the work of Defendant Chris. Therefore, the Board cannot be held liable for any alleged torts of Defendant Chris.

Finally, Plaintiff requests in her response that, alternatively to the Court denying the Board's motion, she be allowed to amend the complaint to "add additional parties to include John Doe Chris' alleged different or separate employer." (Doc. 9 at 1). The Sixth Circuit has held that it is appropriate for a district court to deny a request for leave to amend a complaint where the request is made with "throwaway language" as opposed to an adequate motion, and where a plaintiff fails to attach a copy of an amended complaint. *Kuyat v. BioMemetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). Here, Plaintiff has failed to develop any argument for her request for leave and has failed to attach a proposed amended complaint. Thus, her request to amend the complaint is not well-taken.

Moreover, a request for leave to amend a complaint may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6*). See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007). Because Plaintiff has failed to identify any additional allegations or facts she would like to add to the complaint, the request for leave to amend is futile and is denied. *See McDougald v. Timberlake*, 2010 WL 518173, at * 2

(S.D. Ohio Feb. 2, 2010) (denying a motion for leave to amend complaint where plaintiff has failed to identify any specific additional allegations or any facts in support of those claims).

## IV. CONCLUSION

For the foregoing reasons, Defendant Hamilton County Mental Health and Recovery Services Board's motion to dismiss (Doc. 8) is **GRANTED,** and Plaintiff's claims against the Board are **DISMISSED with prejudice.** Defendant Hamilton County Mental Health and Recovery Services Board shall be **TERMINATED** as a party to this action.

**IT IS SO ORDERED.**

Date: 11/15/2018  */s/ Timothy S. Black*
Timothy S. Black
United States District Judge